IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MARIE SMITH,<br>            Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC, and THE<br>SCHOOL DISTRICT OF<br>PHILADELPHIA,<br>            Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-3600 |

## MEMORANDUM OPINION

Defendant Kelly Services, Inc. ("Kelly Services") discharged Plaintiff Lisa Marie Smith from her job as a substitute teacher ostensibly on the basis that she violated Kelly Services' "no touch" policy prohibiting physical contact with students. Plaintiff sued both Defendant Kelly Services as well as the School District of Philadelphia ("SDP"), contending (1) that she was fired in retaliation for having reported several students' use of racially abusive language and (2) that the students' use of this language created a hostile work environment. Defendants have each filed a motion for summary judgment which, for the reasons set forth below, shall be granted.

I.     Facts

In February 2017, Kelly Services employed Plaintiff as a substitute teacher assigning her to work at a school in the SDP, which was one of its clients. When she took the job with Kelly Services, Plaintiff signed documents acknowledging that she was "not an employee of any customer to which Kelly assigns me," that she agreed to "[n]ever ha[ve] any physical contact with a student," (the "No Touch Policy"), and that she would "[r]eport all incidents . . . to the Kelly office" including "any type of harassment."

On February 14, 2017, Kelly Services fired Plaintiff because she had violated the No

Touch Policy. Plaintiff does not dispute that she violated the policy but explains that she made physical contact with a fifth-grade student to "pull him back in line with . . . other children." However, she disputes the rationale for her termination, contending that the real reason she was fired was because she had reported several students' use of racially abusive language to SDP employees. She contends further that the students' use of such language subjected her to a hostile work environment.

**II.     Legal Standard**

Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989). Materiality of facts is determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute "exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *U.S. ex rel. Greenfield v. Medco Health Solutions, Inc.*, 880 F.3d 89, 93 (3d Cir. 2018) (internal quotation marks omitted). "[A]ll reasonable inferences" must be drawn in the non-moving party's favor. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III.     Analysis**

Plaintiff brings two claims against Kelly Services, both under 42 U.S.C. § 1981: retaliatory discharge and hostile work environment. The claims will be addressed in sequence.

To establish a *prima facie* claim for retaliation under Section 1981, a plaintiff must show "(1) that [s]he engaged in a protected activity; (2) that [s]he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action." *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). Kelly Services argues that because Plaintiff never reported to it any of the alleged incidents—as Plaintiff admitted in her deposition testimony, she only reported them to staff employed by Defendant SDP—Plaintiff cannot establish the third element: a causal connection. According to Kelly Services, if it was never aware of the abuse or of the fact that abuse had been reported, then it could not have fired Plaintiff for reporting the abuse.

Plaintiff acknowledges this argument, stating that she "believes that reporting student harassment to her employer, Kelly Services would have been inappropriate since Kelly does not handle student discipline[.]" Whether or not her belief was accurate, it would be impossible for Kelly Services to have fired Plaintiff for retaliatory purposes if Kelly Services was unaware of the event for which it was purportedly retaliating. *See Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3d Cir. 2002) (noting that to retaliate against an individual engaging in protected conduct, "the decisionmaker[] must be aware of the protected conduct"). Therefore, summary judgment must be granted to Kelly Services as to the retaliatory discharge count.[1]

To establish a *prima facie* claim for hostile work environment under Section 1981, a plaintiff must show "(1) the employee suffered intentional discrimination because of his/her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in like

---

[1] Plaintiff also purports to rely on a cat's paw theory of liability whereby an employer (Kelly Services) is held responsible "for the animus of a nondecisionmaker" (SDP), *McKenna v. City of Philadelphia*, 649 F.3d 171, 177 (3d Cir. 2011), but offers neither legal argument nor record evidence to show why the theory should apply.

3

circumstances; and (5) the existence of *respondeat superior* liability[.]" *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017). Where the harassment is by an someone other than a plaintiff's supervisor then the plaintiff must also provide sufficient evidence that "the employer failed to provide a reasonable avenue for complaint, or, alternatively, [that] the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).[2]

Plaintiff's Complaint alleges "routine[]," almost "daily" racial abuse perpetrated by students at Cayuga Elementary, and that she "repeatedly" reported the harassment. However, in her deposition testimony she recalled only four incidents in which she heard children use racially abusive language. Only one incident is documented and there is no mention of racial abuse in the disciplinary report (rather, it mentions "profanity" in general terms). Plaintiff maintains that she submitted discipline forms for each of the incidents and asserts her belief that "Defendants have withheld the disciplinary forms of a racially hostile environment, or the staff at Cayuga Elementary School in all probability has destroyed them," but cites to no evidence in support of that belief.

At summary judgment, "the nonmoving party [must] go beyond the pleadings," to show that "there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff fails to do so, relying only on the assertions made in her Complaint and a repetition of those assertions made during her deposition. As such, she has not established a genuine dispute of material fact as to whether she suffered "intentional discrimination due to . . . her race" or whether any abuse was "severe or pervasive." *Castleberry*, 863 F.3d at 263; *see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 n.9 (3d Cir. 2007) (affirming a grant of

---

[2] This requirement is typically applied to "co-worker harassment," but courts within this District have also applied it to hostile work environment claims made by instructors that are based on the actions of students. *See Dykes v. Marco Grp.*, 222 F. Supp.3d 418, 430 n.6 (E.D. Pa. 2016).

4

summary judgment where there was "no support for [a claim] in the record beyond [the plaintiff's] own testimony"). Therefore, summary judgment must be granted in favor of Kelly Services on this count as well.

With respect to the SDP, Plaintiff alleges that it violated Title VII, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), on the basis of both retaliatory discharge and hostile work environment. Liability under each of these laws is premised on Plaintiff establishing that she was an employee of the SDP. 42 U.S.C. § 2000e-2(a) (Title VII); 43 Pa. C.S.A. § 955; Philadelphia Code § 9-1103. The undisputed evidence of record is that the SDP was not Plaintiff's employer – Kelly Services was. Indeed, Plaintiff admits as much. Accordingly, summary judgment must be granted to the SDP on these counts.

An appropriate order follows.

**January 25, 2019**

                                                    **BY THE COURT:**

                                                    **/s/ Wendy Beetlestone**

                                                    _____
                                                    **WENDY BEETLESTONE, J.**